E. BRYAN WILSON
Acting United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 3:21-cr-00012-SLG-DMS |
| Plaintiff, | ) |
| | ) COUNT 1: |
| vs. | ) CONSPIRACY TO DISTRIBUTE A |
| | ) CONTROLLED SUBSTANCE |
| | )   Vio. of 21 U.S.C. §§ 846 and |
| SAMUEL FREDERICK DAVIS, a/k/a | ) 841(a)(1), (b)(1)(A), (b)(2) |
| "Buju," LC SHELTON JOHNSON- | ) |
| WHITLOW, FRANK MOTA-RIJO, | ) COUNTS 2-5: |
| a/k/a "Spanish," DELMAR SPENCER, | ) POSSESSION OF A CONTROLLED |
| DWAYNE SMITH, JAHEIM | ) SUBSTANCE WITH INTENT TO |
| RANDOLPH, a/k/a "Ja," KYIN | ) DISTRIBUTE |
| SUMPTER-BOYD, a/k/a "Crazy," | )   Vio. of 21 U.S.C. §§ 846 and |
| a/k/a "Krazy," and JORGE LUIS | ) 841(a)(1), (b)(1)(A) & (B), (b)(2) |
| RODAS JR, a/k/a "Remo," | ) |
| | ) COUNTS 6-7: |
| Defendants. | ) FELON IN POSSESSION OF A |
| | ) FIREARM AND AMMUNITION |
| | )   Vio. of 18 U.S.C. §§ 922(g)(1) and |
| | ) 924(a)(2) |
| | ) |
| | ) |
| | ) |

|                                   | ) COUNTS 8-9:                           |
|                                   | ) POSSESSION OF A FIREARM IN           |
|                                   | ) FURTHERANCE OF DRUG                  |
|                                   | ) TRAFFICKING CRIME                    |
|                                   | )   Vio. of 18 U.S.C. § 924(c)(1)(A)(i) |
|                                   | )                                       |
|                                   | ) COUNT 10:                             |
|                                   | ) POSSESSION OF A FIREARM WITH          |
|                                   | ) SERIAL NUMBER REMOVED OR              |
|                                   | ) OBLITERATED                           |
|                                   | )   Vio. of 18 U.S.C. §§ 922(k) and     |
|                                   | ) 924(a)(1)                             |
|                                   | )                                       |
|                                   | ) CRIMINAL FORFEITURE                   |
|                                   | ) ALLEGATION 1:                         |
|                                   | )   21 U.S.C. § 853(a)(1) and (a)(2)    |
|                                   | )                                       |
|                                   | ) CRIMINAL FORFEITURE                   |
|                                   | ) ALLEGATION 2:                         |
|                                   | )   18 U.S.C. § 924(d) and 28 U.S.C. §  |
|                                   | ) 2461(c)                               |
|                                   | )                                       |

## S E C O N D  S U P E R S E D I N G  I N D I C T M E N T

The Grand Jury charges that:

## COUNT 1

1. Between on or about November 13, 2020, and December 13, 2020, within the District of Alaska and elsewhere, the defendants, SAMUEL FREDERICK DAVIS, a/k/a "Buju," LC SHELTON JOHNSON-WHITLOW, FRANK MOTA-RIJO, a/k/a "Spanish," DELMAR SPENCER, DWAYNE SMITH, JAHEIM RANDOLPH, a/k/a "Ja," KYIN SUMPTER-BOYD, a/k/a "Crazy," a/k/a "Krazy," and JORGE LUIS RODAS JR, a/k/a "Remo," did knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons known and unknown to the

Page 2 of 13

Case 3:21-cr-00012-SLG-DMS   Document 164   Filed 05/19/21   Page 2 of 13

Grand Jury, within the District of Alaska and elsewhere, to commit the following offenses:

    a. to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A);

    b. to distribute, and possess with intent to distribute, tramadol, in violation of 21 U.S.C. § 841(a)(1), (b)(2).

## METHOD AND MEANS OF THE CONSPIRACY

2.    It was part of the conspiracy to purchase heroin and counterfeit Percocet pills in the Las Vegas, Nevada area to distribute in Alaska. The conspirators concealed controlled substances in packages and shipped those packages to Alaska, as well as concealed controlled substances on their bodies and within their luggage during travel to Alaska. Conspirators received the packages in Anchorage, and then distributed the controlled substances throughout Alaska. United States currency was deposited at automated teller machines ("ATM") into conspirators' accounts or carried by conspirators to Las Vegas to pay for the controlled substances.

3.    It was part of the conspiracy for SAMUEL FREDERICK DAVIS, a/k/a "Buju," to coordinate and organize the activities of the conspiracy. RODAS supplied DAVIS with drugs in the Las Vegas, Nevada area, while other conspirators would travel from Alaska to Las Vegas to assist DAVIS with packaging and shipping controlled substances. DAVIS would monitor the distribution of controlled substances and allocate more or less to particular conspirators depending on their ability to sell.

4. It was part of the conspiracy for conspirators to call themselves "Players Making Moves" or "PMM." They would use various social media accounts to communicate about the conspiracy's interests, frequently deleting or changing social media accounts in order to hide their communications.

5. It was part of the conspiracy for FRANK MOTA-RIJO, a/k/a "Spanish," DELMAR SPENCER, DWAYNE SMITH, JAHEIM RANDOLPH, a/k/a "Ja," KYIN SUMPTER-BOYD, a/k/a "Crazy," a/k/a "Krazy," and other conspirators to distribute heroin and counterfeit Percocet pills, which contained fentanyl or tramadol, in Alaska.

6. It was part of the conspiracy for conspirators to use violence, firearms, and the threat of violence to maintain control of and protect the conspiracy, enhance the conspirators' reputations, and prevent witnesses and conspirators from cooperating with law enforcement.

## OVERT ACTS

7. In furtherance of the conspiracy, and to effect the objects thereof, the defendants, together with other persons known and unknown to the Grand Jury, performed and caused to be performed certain overt acts in the District of Alaska and elsewhere, including, but not limited to, the following:

OA1: On or about November 13, 2020, DAVIS shipped a package containing an undetermined quantity of heroin to Anchorage. SUMPTER-BOYD received this package and distributed the heroin to other conspirators, including, but not limited, to SPENCER and MOTA-RIJO.

OA2: On or about November 21, 2020, through December 9, 2020, DAVIS communicated with MOTA-RIJO, SUMPTER-BOYD, SPENCER, and other conspirators, telling them, in substance, that he would ship another package to Anchorage soon and encouraging them to pay debts owed to him for prior shipments.

OA3: On or about November 30, 2020, RANDOLPH communicated with other conspirators via text and social media that, in substance, he would travel to Las Vegas, Nevada to bring $20,000 cash and assist DAVIS with shipping a package containing controlled substances.

OA4: On or about December 9, 2020, JOHNSON-WHITLOW traveled from Anchorage, Alaska to Las Vegas, Nevada, where he met with DAVIS and other unnamed conspirators.

OA5: On or about December 9, 2020, MOTA-RIJO provided $28,500, and SPENCER provided $20,400 to repay DAVIS for previously supplied controlled substances. As a result, DAVIS indicated that they would each receive one kilogram of heroin from the package he was about to send.

OA6: On or about December 9, 2020, JORGE RODAS JR provided heroin to DAVIS in anticipation of it being shipped to and sold in Alaska. Some of this heroin was allocated as belonging to RODAS and he was to be paid for it after it was sold in Alaska.

OA7: On or about December 9, 2020, DAVIS and JOHNSON-WHITLOW, added brown sugar to heroin to make a substance totaling approximately three

kilograms, and attempted to disguise the odor of the heroin by packaging the substance using chip bags, carbon paper, and motor oil.

OA8: On or about December 10, 2020, DAVIS, SUMPTER-BOYD, SMITH, and RANDOLPH coordinated the receipt of the package. SMITH and RANDOLPH told DAVIS, in substance, that they would receive and open the package. DAVIS told SUMPTER-BOYD, in substance, to wait outside and act as security during the receipt and opening of the package.

OA9: On or about December 10, 2020, DAVIS told other conspirators, in substance, that SUMPTER-BOYD would not receive any of the heroin due to his inability to efficiently distribute controlled substances he had previously supplied to him.

OA10: On or about December 10, 2020, DAVIS and JOHNSON-WHITLOW shipped a package containing approximately three kilograms of a substance containing a detectable amount of heroin from Las Vegas, Nevada to the address in Anchorage, Alaska where SMITH, RANDOLPH, and SUMPTER-BOYD were instructed previously to meet to receive the package. They attempted to disguise their identities by using fake names for the recipient and sender of the package.

OA11: On or about December 15, 2020, following the arrest of DAVIS and JOHNSON-WHITLOW, SMITH and RANDOLPH communicated threats of violence among conspirators for speculated co-operation.

All of which is in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(2).

## COUNT 2

8. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowingly possessed a controlled substance with intent to distribute, to wit: one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1).

All of which is in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

## COUNT 3

9. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowingly possessed a controlled substance with intent to distribute, to wit: fifty grams or more pure methamphetamine.

All of which is in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A).

## COUNT 4

10. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowingly possessed a controlled substance with intent to distribute, to wit: twenty eight grams or more of cocaine base ('crack').

All of which is in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B).

## COUNT 5

11. On or about December 13, 2020, the defendant, KYIN SUMPTER-BOYD, knowingly possessed a controlled substance with intent to distribute, to wit: tramadol.

All of which is in violation of 21 U.S.C. §§ 841(a)(1), (b)(2).

COUNT 6

12. On or about December 13, 2020, the defendant, KYIN SUMPTER-BOYD, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, to wit: a loaded Glock, Model 17C, 9mm and assorted ammunition.

Prior Conviction

| Conviction Date | Offenses | Court | Case No. |
| --- | --- | --- | --- |
| March 11, 2016 | Assault in the Third Degree | State of Alaska | 3AN-16-00608CR |

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

COUNT 7

13. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, to wit: a Glock model 22 .40 caliber handgun, serial number 1DVG612US, and a Smith & Wesson model M&P 9C 9mm handgun, unknown serial number.

Prior Conviction

| Conviction Date | Offenses | Court | Case No. |
| --- | --- | --- | --- |
| December 19, 2014 | Misconduct Involving Controlled Substances in the Fourth Degree | State of Alaska | 3AN-08-08660CR |

All of which is in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT 8

14. On or about December 13, 2020, the defendant, KYIN SUMPTER-BOYD, knowingly possessed firearms in furtherance of the drug trafficking crimes charged in Counts 1 and 5, to wit: a loaded Glock, Model 17C, 9mm and assorted ammunition.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 9

15. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowingly possessed firearms in furtherance of the drug trafficking crimes charged in Counts 1 through 4, to wit: a Glock model 22 .40 caliber handgun, and a Smith & Wesson model M&P 9C 9mm handgun.

All of which is in violation of 18 U.S.C. § 924(c)(1)(A)(i).

## COUNT 10

16. On or about December 18, 2020, the defendant, DELMAR SPENCER, knowingly possessed, in and affecting interstate and foreign commerce, a firearm which had the importer's and manufacturer's serial number removed, obliterated, and altered, to wit: a Smith & Wesson model M&P 9C 9mm handgun, unknown serial number.

All of which is in violation of 18 U.S.C. §§ 922(k) and 924(a)(1).

//

//

//

//

# CRIMINAL FORFEITURE ALLEGATION 1
# DRUG PROCEEDS AND FACILITATING PROPERTY

The allegations in Count 1 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853(a)(1) and (a)(2).

Upon conviction of the controlled substance offense alleged in Count 1 of this Indictment, defendants SAMUEL FREDERICK DAVIS, a/k/a "Buju," LC SHELTON JOHNSON-WHITLOW, FRANK MOTA-RIJO, a/k/a "Spanish," DELMAR SPENCER, DWAYNE SMITH, JAHEIM RANDOLPH, a/k/a "Ja," KYIN SUMPTER-BOYD, a/k/a "Crazy," a/k/a "Krazy," and JORGE RODAS JR, a/k/a "Remo," shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violation, pursuant to 21 U.S.C. § 853(a)(1), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said violations, pursuant to 21 U.S.C. § 853(a)(1), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said violations, pursuant to 21 U.S.C. § 853(a)(1) and (a)(2), including but not limited to:

  a. Approximately $65,099.00 in United States Currency, seized on or about December 11, 2020;

  b. Approximately $8,400.00 in United States Currency, seized on or about December 15, 2020;

c. Approximately $22,000 in United States Currency, seized on or about December 16, 2020;

d. Approximately $18,000 in United States Currency, seized on or about December 18, 2020;

e. Approximately $2,239.00 in United States Currency, seized on or about December 18, 2020;

f. Approximately $17,734.00 in United States Currency, seized on or about December 18, 2020;

g. Glock Model 17C, 9mm handgun, serial number AABT687, with associated loaded Glock 9mm magazine and loaded drum magazine containing approximately 52 cartridges seized on or about December 13, 2020;

h. Glock Model 22 .40 caliber handgun, serial number 1DVG612US, and associated loaded magazine, seized on or about December 18, 2020; and

i. Smith & Wesson Model M&P 9C 9mm handgun, unknown serial number, and associated loaded magazine, seized on or about December 18, 2020.

All pursuant to 21 U.S.C. § 853(a)(1), (a)(2), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

//

//

//

Page 11 of 13

Case 3:21-cr-00012-SLG-DMS   Document 164   Filed 05/19/21   Page 11 of 13

# CRIMINAL FORFEITURE ALLEGATION 2

The allegations contained in Counts 6 through 10 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. §924(d) and 28 U.S.C. § 2461(c).

Upon conviction of an offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as set forth in Counts 6 and 7 of this Indictment, or conviction of an offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) as set forth in Counts 8 and 9 of this Indictment, or conviction of an offense in violation of 18 U.S.C. § 922(k) as set forth in Count 10 of this Indictment, the defendants, KYIN SUMPTER-BOYD, a/k/a "Crazy," a/k/a "Krazy," and DELMAR SPENCER, shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearm or ammunition, and their accessories, involved in or used in knowing violation of the offense, including but not limited to the following:

    a. Glock Model 17C, 9mm handgun, serial number AABT687, with associated loaded Glock 9mm magazine and loaded drum magazine containing approximately 52 cartridges seized on or about December 13, 2020;

    b. Glock Model 22 .40 caliber handgun, serial number 1DVG612US, and associate loaded magazine, seized on or about December 18, 2020; and

    c. Smith & Wesson Model M&P 9C 9mm handgun, unknown serial number, and associated loaded magazine, seized on or about December 18, 2020.

All pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL.

s/ Grand Jury Foreperson
GRAND JURY FOREPERSON

s/ G. Michael Ebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

s/ E. Bryan Wilson
E. BRYAN WILSON
Acting U.S. Attorney
United States of America

Date: May 18, 2021